IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL McDANIEL, | ) | Case No. 1:05CV917 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE ANN ALDRICH |
| | ) | |
| AMERICAN POSTAL WORKERS UNION, | ) | |
| AFL-CIO, et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM AND ORDER |

This is a labor action, in which plaintiff Michael McDaniel ("McDaniel") advances claims against the American Postal Workers Union ("APWU"), of which he is a member, including the breach of duty of fair representation. Now before the court is a motion to dismiss and/or for summary judgment (Docket No. 5), filed by APWU. For the following reasons, the court grants this motion and dismisses the complaint in its entirety.

**I. Background**

McDaniel has been an employee of the Postal Service and a member of APWU since 1974. McDaniel filed this action on February 16, 2005, in Cuyahoga County Court of Common Pleas. On April 7, 2005, the matter was removed to this court (See Docket No. 1). In a six-page complaint, McDaniel endeavors to detail the hardship worked on him by the union's withdrawal of a certain grievance, numbered CL21165, prior to the arbitration phase.

In its motion to dismiss, APWU explains that McDaniel's representative, National Business Agent Merlie Bell, made the decision to withdraw this grievance following the resolution of another matter, numbered

CL00441. Bell's decision was based on a determination that the relief afforded McDaniel in CL00441 (namely, reinstatement of his driving privileges) was substantially the same as the relief sought in CL21165.

As a result of the withdrawal of CL21165, McDaniel filed unfair labor charges against the Union and union officers with the National Labor Relations Board ("NLRB") on August 9, 2004. These charges were denied on October 29, 2004. McDaniel appealed this decision, and on January 10, 2005, the NLRB denied his appeal. This lawsuit followed.

## II. Standard of Review

In analyzing a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Andrews v. State of Ohio*, 104 F.3d 803, 806 (6th Cir. 1997), quoting *In Re DeLorean Motor Co.* 991 F.2d 1236, 1240 (6th Cir. 1993). The weight of the evidence and the credibility of witnesses generally are not factors to be considered when resolving a motion to dismiss; rather, a court "should deny the motion unless it is clear that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief." *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (citation omitted).

## III. Discussion

APWU argues that dismissal (or summary judgment in its favor) is appropriate because McDaniel can show no set of facts under which this action would be timely. The relevant statute of limitations is that applied by the Supreme Court to fair representation actions, *i.e.*, six months. *Adkins v. International Union of Elec., Radio & Mach. Workers*, 769 F.2d 330, 335 (6th Cir., 1985). A claim for breach of duty of fair representation accrues when the claimant discovers, or in the exercise of reasonable diligence should have

discovered, the acts constituting the alleged violation. *Id.*, citing *Shapiro v. Cook United*, 762 F.2d 49, (6th Cir. 1985) (per curiam); *Howard v. Lockheed-Georgia Co.*, 742 F.2d 612, 614 (11th Cir. 1984) (per curiam); *Metz v. Tootsie Roll Industries*, 715 F.2d 299, 304 (7th Cir. 1983).

Here, it is clear that McDaniel discovered the conduct about which he complains, *i.e.*, the withdrawal of grievance number CL21165, no later than August 9, 2004. According to an affidavit submitted with APWU's motion, Merlie Bell submitted a letter to the Cleveland Area Local on June 24, 2004, stating that CL21165 was being withdrawn. Bell believed that the Local informed McDaniel of the decision to withdraw at that time. In any case, McDaniel must be held to have been aware of any potential violation of his rights by August 9, 2004, when he filed charges with the NLRB relating to the withdrawal of CL21165.

McDaniel was thus required to file his suit no later than February 9, 2005. As he filed his complaint in the Cuyahoga County Court of Common Pleas on February 16, 2005, the matter is clearly untimely.

### IV. Conclusion

For the foregoing reasons, the Court grants APWU's motion and dismisses the case with prejudice. This order is final and appealable.

IT IS SO ORDERED.

    /s/ Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE\

**Dated: June 22, 2005**